UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ESTEBAN HERNAIZ,
*Plaintiff*,

v.

K. RIVERA *et al.*,
*Defendants*.

No. 3:24-cv-94 (JAM)

## ORDER OF DISMISSAL PURSUANT TO 28 U.S.C § 1915A

Plaintiff Esteban Hernaiz is an unsentenced prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed this complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging that two Hartford police officers violated his rights under the U.S. Constitution, Connecticut Constitution, and Connecticut state law. He has also brought claims against the Hartford chief of police and the former Hartford mayor, alleging liability for the acts of their subordinates and failure to train. Based on my initial review, I will dismiss the complaint without prejudice as to Hernaiz's federal law claims and decline to exercise supplemental jurisdiction over his state law claims.

### BACKGROUND

I draw the following facts from the allegations in Hernaiz's complaint, accepting them as true only for the purposes of this ruling.

In or around November 2021, Hernaiz was assaulted by six to eight people.[1] After calling 911, he was taken to Hartford Hospital and remained there for approximately twelve hours.[2] As he was about to leave, defendant K. Rivera, a Hartford police officer, arrested him "falsely" and "for no reason."[3] This arrest proceeded under the direction of another defendant, Officer

---

[1] Doc. #1 at 9 (¶ 1).
[2] *Id.* at 9 (¶ 2).
[3] *Id.* at 9 (¶ 3), 10 (¶ 8).

Mantilla.[4] When Hernaiz inquired as to the contents of the arrest warrant, Rivera replied that she could not "go into details," stating only that there was a warrant for his arrest and referring to him as "Edwin."[5] She continued with the arrest even after Hernaiz told her that his real name was Esteban.[6]

Neither Mantilla nor Rivera investigated the assault of Hernaiz, "instead focus[ing] on an inquiry of [his] vehicle."[7] Hernaiz was given a promise to appear at the Hartford Police Department for driving under suspension and interfering with an officer.[8]

Mantilla and Rivera also contacted the Meriden Police Department "due to an inquiry of [Hernaiz's] vehicle," and he was "picked up by Meriden Police" in or around November 2021.[9]

Hernaiz also alleges that Mantilla and Rivera "failed to preserve video of the liquor store outside [and] inside," though he does not explain what store he is referencing or what this footage would show.[10]

In April and May, Hernaiz wrote to "Internal Affairs" regarding "the acts and omissions of Defendants Mantilla and K. Rivera" and received a response in October 2023 stating that Mantilla acted negligently and in violation of "his own rules of conduct."[11]

Hernaiz now brings this suit against Mantilla and Rivera, claiming that they violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, as well as his rights under the Connecticut Constitution and state law. He also claims that defendant Jason Thody and defendant Luke Bronin—respectively, the chief of Hartford Police and mayor of

---

[4] *Id.* at 10 (¶ 8).
[5] *Id.* at 9 (¶¶ 4, 6).
[6] *Id.* at 9 (¶ 6).
[7] *Id.* at 9 (¶ 5).
[8] *Id.* at 9 (¶ 7).
[9] *Id.* at 10 (¶ 9).
[10] *Id.* at 10 (¶ 11).
[11] *Id.* at 10 (¶ 10); *see id.* at 13 (copy of a letter to Hernaiz from the Chair of the Hartford Civilian Police Review Board).

Hartford at the time of the above events—are liable for the acts of their subordinates and for failing to train and supervise them. Hernaiz seeks compensatory and punitive damages, as well as court costs and fees, and he asks the Court to waive all costs of incarceration.

## DISCUSSION

The Court is required by law to review prisoner civil complaints and dismiss any portion of such complaints that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must construe the allegations liberally, interpreting them to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[12] However, a *pro se* complaint must still allege enough facts—as distinct from legal conclusions—to establish plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### *Fourth and Fourteenth Amendments*

Hernaiz alleges that Mantilla and Rivera subjected him to a false arrest in violation of the Fourth and Fourteenth Amendments. However, "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). Claims for false arrest fall under the Fourth Amendment's protection against unlawful seizures. *See Tyus v. Newton*, 2016 WL 6090719, at *7 (D. Conn. 2016). Thus, Hernaiz's Fourteenth Amendment due process claim "merges with his Fourth Amendment claim because the former

---

[12] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

claim arises from the same set of actions that allegedly violated his Fourth Amendment rights." *Maliha v. Faluotico*, 286 F. App'x 742, 744 (2d Cir. 2008).

Hernaiz has not alleged a valid claim for false arrest because he has not alleged that the charges for which he was arrested have been terminated in his favor."[C]laims for false arrest and malicious prosecution require a plaintiff to prove that there was a favorable termination of the proceedings against [him]." *Callahan v. City of New Haven*, 2023 WL 1992620, at *6 (D. Conn. 2023). "A favorable termination means that a plaintiff must show that [his] prosecution ended without a conviction." *Ibid.*

According to the DOC's website, Hernaiz has remained in DOC's custody since November 10, 2021, on a charge of first-degree assault.[13] Moreover, the website for the State of Connecticut Judicial Branch reflects multiple criminal cases from 2021 that remain pending against Hernaiz.[14]

To the extent Hernaiz bases his Fourteenth Amendment claim on the officers' alleged failure to investigate his assault, this too fails. "[C]ourts have consistently declined to find that crime victims or those close to them possess a constitutional right to a police investigation into those crimes." *Harris v. City of New York*, 2023 WL 6542019, at *2 (S.D.N.Y. 2023) (collecting

---

[13] The Court may judicially notice a fact "that is not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, I take notice of records on the Connecticut DOC website indicating that Hernaiz was last admitted to the custody of DOC on November 10, 2021, for a charge of first-degree assault and is an unsentenced inmate located at New Haven Correctional Center. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=267849 (last visited May 7, 2024).

[14] *See* State of Connecticut Judicial Branch, Criminal / Motor Vehicle Case Look-up, available at https://www.jud.ct.gov/crim.htm (last visited May 7, 2024).

cases); *see Westry v. City of Waterbury*, 2023 WL 3259878, at *5 (D. Conn. 2023) (dismissing Fourteenth Amendment claim alleging failure to investigate).

In sum, I will dismiss Hernaiz's Fourth and Fourteenth Amendment claims for failure to state a claim upon which relief can be granted.

### *Fifth Amendment*

Hernaiz claims that Mantilla's and Rivera's actions violated the Fifth Amendment.[15] But the Fifth Amendment "regulates due process violations by federal, not state or municipal, actors." *Pollok v. Chen*, 806 F. App'x 40, 44 (2d Cir. 2020) (citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)). I will therefore dismiss Hernaiz's Fifth Amendment claims.

### *Supervisory liability*

Hernaiz next alleges that defendants Thody and Bronin "are liable for the acts [and] omissions of their subordinates as well as failing to train and supervise" them.[16] However, supervisors are not automatically liable for constitutional violations committed by lower-level employees. Instead, § 1983 requires Hernaiz to "plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). "[T]here is no special rule for supervisory liability." *Ibid.* Nor does the analysis change under a failure-to-train theory. "Absent evidence of [a supervisor's] personal involvement in the underlying claims . . . a failure to train or supervise does not state a cognizable claim for supervisory liability" in the § 1983 context. *Sellers v. Andrea*, 2022 WL 17830715, at *4 (D. Conn. 2022) (collecting cases).

---

[15] Doc. #1 at 11.
[16] *Ibid.*

Hernaiz has not alleged facts suggesting any personal involvement at all by Thody or Bronin, so he has failed to state a plausible claim for relief against either of them.

### *State law*

Finally, Hernaiz asserts that Mantilla and Rivera violated his rights under the Connecticut Constitution and state law. Having dismissed all of Hernaiz's federal claims, I decline to exercise jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3); *Williams v. Katz*, 2022 WL 3646200, at *6 (D. Conn. 2022). Accordingly, I dismiss any claim for violation of rights under state law without prejudice to Hernaiz's right to seek any relief that may be available to him in state court.

### CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk of Court shall close this case.

If Hernaiz has good faith grounds to allege facts that overcome the concerns stated in this ruling, he may file an amended complaint by **June 7, 2024**, and the Court will then re-open the case to conduct another initial review of any timely amended complaint.

It is so ordered.

Dated at New Haven this 7th day of May 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge